UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON LEE JOHNSON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-199-TLS-JEM |
| WARDEN, | |
| Respondent. | |

**OPINION AND ORDER**

Brandon Lee Johnson, a prisoner without a lawyer, filed a habeas corpus petition [ECF No. 1] challenging the prison disciplinary hearing (ISP-23-3-343) at the Indiana State Prison, in which a disciplinary hearing officer found him guilty of battery against staff in violation of Indiana Department of Correction Offense 117. According to the petition, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class. This matter is before the Court on the Warden's Motion to Dismiss [ECF No. 5], filed on May 17, 2024, requesting that the Court dismiss Johnson's habeas petition. Johnson has not filed a response, and the time to do so has passed. For the reasons set forth below, the Court grants the motion.

Here, the Warden argues that this case is moot because the sanctions affecting the duration of Johnson's sentence were suspended and can no longer be imposed. The Warden supports this argument with the hearing report, printouts from the departmental inmate database, and an affidavit from the Director of Sentence Computation. *See* ECF Nos. 5-4, 5-14, 5-17. Consequently, the Court finds that the claims raised in the petition are moot. *See Hadley v. Holmes*, 341 F.3d 661, 664–65 (7th Cir. 2003) (holding that a prisoner can challenge prison

disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement). Because the claims in the petition are moot, the Court grants the motion and dismisses the habeas petition.

If Johnson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the Court finds that an appeal in this case could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

For these reasons, the Court hereby:

(1) GRANTS the Warden's Motion to Dismiss [ECF No. 5];

(2) DIRECTS the Clerk of Court to enter judgment and to close this case; and

(3) DENIES Brandon Lee Johnson leave to proceed in forma pauperis on appeal.

SO ORDERED on November 6, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
